UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE LOWELL WILLIAMS, II,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT R. MORGAN,<br><br>    Defendant. | No. CV-10-5021-CI<br><br>REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISS ALL CLAIMS WITH PREJUDICE |

Before the court on Report and Recommendation is Defendant's Motion for Summary Judgment (Ct. Rec. 21.) Plaintiff, a prisoner currently incarcerated at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis*. (Ct. Rec. 5.) Defendant is represented by Assistant Attorney General Carl P. Warring. The parties have not consented to proceed before a magistrate judge.

**PROCEDURAL HISTORY**

On February 25, 2010, Plaintiff filed a Complaint against Defendant and several other Washington State Department of Corrections officials, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Ct. Rec. 1.) On, April 9, 2010, the court dismissed the Complaint in part and directed service on remaining Defendant, Sergeant R. Morgan. (Ct. Rec. 7, 8.) Consistent with the court's scheduling order (Ct. Rec. 18), Defendant timely filed the instant Motion for Summary Judgment. (Ct. Rec. 21.) The Scheduling Order, entered on July 13, 2010, contained a Notice to Plaintiff, advising him of his rights and obligations under court rules governing motions for summary

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DISMISS COMPLAINT WITH PREJUDICE   - 1

judgment. (Ct. Rec. 18 at 4.) In addition, a separate "Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements" was sent by the Court Clerk to Plaintiff at his address of record at the Walla Walla State Penitentiary (WWSP) on February 18, 2011. (Ct. Rec. 26.)

## COMPLAINT

Liberally construed, Plaintiff's Complaint alleges insufficient protection and deliberate indifference to his safety in violation of his Eighth and Fourteenth Amendment rights. (Ct. Rec. 1, 6, 7.) Specifically, he claims he was seriously harmed by another inmate, after he expressed to prison officials his concerns for his well-being and living conditions to prison officials. He alleges Defendant "denied all courtesy." (Ct. Rec. 6 at 3-4.) He requests monetary damages in the amount of $250,000. (*Id*.)

## SUMMARY JUDGMENT

FED. RULE CIV. P. 56(c) states a party is entitled to summary judgment in its favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has carried the burden under Rule 56, the party opposing the motion must present facts in evidentiary form and cannot merely rest on the pleadings. *Anderson Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). The court will examine the direct and circumstantial proof offered by the non-

Case 2:10-cv-05021-CI   Document 27   Filed 03/25/11

moving party and the permissible inferences which may be drawn from such evidence. A party cannot defeat a summary judgment motion by drawing strength from the weakness of the other party's argument or by showing "that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987); *see also, Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216 (9th Cir. 1995).

Although the court holds a *pro se* prisoner complaint to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and will not dismiss a complaint due simply to inartful pleadings, a party opposing summary judgment must present "significant probative evidence tending to support the complaint" to defeat summary judgment. *Anderson*, 477 U.S. at 248-49. Plaintiff is not entitled to rely on mere allegations in his verified Complaint in opposing Defendant's Motion for Summary Judgment. *See, e.g.*, *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985).

Finally, the Supreme Court has ruled that RULE 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. The question on summary judgment, then, is "whether the evidence is so one-sided that one party must prevail

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DISMISS COMPLAINT WITH PREJUDICE  - 3

as a matter of law." *Anderson*, 477 U. S. at 251-52.  Where there is no evidence on which a jury could reasonably find for the non-moving party, summary judgment is appropriate.  *Id.* at 252.

## 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  To hold a defendant liable for damages, the wrongdoer must personally cause the violation.  *Leer*, 844 F.2d at 633.  If damages are sought, sweeping conclusory allegations against a prison official will not suffice; an inmate must set forth specific facts as to each individual defendant's participation. *Leer*, 844 F.2d at 634.  Here, there is no issue to whether Defendant was acting under color of state law; the only question is whether Defendant's acts were unconstitutional.

Defendant argues there is no evidence of constitutional deprivation and all claims should be dismissed. (Ct. Rec. 23.)  In support of his Motion, he filed a Statement of Facts (SOF), which is supported by a properly verified Declaration.  (Ct. Rec. 24, 25.)

## UNCONTROVERTED FACTS

Plaintiff has not objected to, or controverted by responsive

memorandum, the Defendant's Statement of Facts.[1]  Therefore, those facts are admitted to exist without controversy.  LR 56.1(b) (d).

The uncontroverted material facts are summarized as follows:

1.   Defendant is a Corrections and Custody officer at the Washington State Penitentiary.

2.   Defendant discussed Plaintiff's request for a cell transfer in October 2009, informing Plaintiff that the request would have to be taken to "the cell move committee."

3.   Defendant asked Plaintiff if he was concerned for his safety due to problems getting along with his cell mate.

4.   Plaintiff indicated he was not concerned for his safety

---

[1] Despite receiving notice pursuant to *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999), Plaintiff has not responded to the Defendant's Motion for Summary Judgment. LR 7.1, Local Rules for the Eastern District of Washington, states that failure to respond to a motion may be considered consent by the non-moving party to entry of an adverse order.  LR 7.1(h)(5).  However, the court may consider assertions in a plaintiff's complaint as evidence in opposition of a motion for summary judgment if (1) the facts asserted are based on personal knowledge, (2) they are admissible in evidence, and (3) the plaintiff has declared under penalty of perjury that the contents of the complaint are true and correct.  *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987).  Here, Plaintiff's Complaint is properly verified.  (Ct. Rec. 1, 6.)  In addressing the Motion for Summary Judgment, the court has considered Plaintiff's assertions.

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DISMISS COMPLAINT WITH PREJUDICE  - 5

1 and would request the cell move committee for a transfer.

2     5.    Plaintiff could have asked for administrative segregation
3 if he believed his safety was threatened.

4     6.    On October 31, 2009, Plaintiff was involved in a fight
5 with his cell mate.

6     7.    Prison officials found a two-liter bottle of jailhouse
7 intoxicant ("pruno") in Plaintiff's cell following the fight.

8     8.    Plaintiff was cited and plead guilty to possession of the
9 intoxicant.

10 (Ct. Rec. 24, 25.)

## INSUFFICIENT PROTECTION/ DELIBERATE INDIFFERENCE

Insufficient protection of a prisoner resulting in harm inflicted by other inmates may violate a prisoner's constitutional rights. *See White v. Roper*, 901 F.2d 1501, 1503-04 (9th Cir. 1990). When a prisoner is claiming he has not been afforded adequate protection against violent acts by other inmates, the prisoner must show the prison officials' acts were deliberately indifferent to the prisoner's vulnerability. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1074 (1992).

A prisoner may establish a § 1983 claim under the Eighth and Fourteenth Amendments against prison officials when the officials acted with deliberate indifference to the threat of serious harm or injury by another prisoner. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Under the deliberate indifference standard, a plaintiff must demonstrate the prison officials knew he faced a substantial risk of serious harm and they disregarded that risk by failing to take

reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

Here, there are no facts in evidence that Defendant acted with deliberate indifference to Plaintiff's safety. Plaintiff does not dispute the fact he failed to inform Defendant he feared for his safety or faced a "substantial risk of harm" from his cell mate. Plaintiff offers no probative evidence to support his allegations of serious injury and insufficient protection from a known threat. *White,* 901 F.2d at 1503. The evidence does not support a "reliable inference of wantonness" on the part of the Defendant necessary to raise an issue of material fact. *Farmer,* 511 U.S. at 847. Because Plaintiff has failed to establish the existence of an essential element to his claim of deliberate indifference, Defendant should be granted summary judgment as a matter of law. *Celotex*, 477 U.S. at 322.

**CONCLUSION**

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff's claim does not rise to the level of constitutional deprivation. The evidence presents no issue of material fact, and there is no evidence before the court on which a jury could reasonably find for Plaintiff. Accordingly, **IT IS RECOMMENDED** Defendant's Motion for Summary Judgment (**Ct. Rec. 21**) be **GRANTED** and Plaintiff's Complaint (**Ct. Rec. 1, 6**) **be dismissed with prejudice**.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all

parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to Petitioner, counsel for Defendant, and the referring district judge.

DATED March 25, 2011.

                        S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DISMISS COMPLAINT WITH PREJUDICE  - 8